# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 12, 2021

Lyle W. Cayce
Clerk

No. 20-50862
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

AMBER ELISE DELGADILLO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:19-CR-4111-1

Before JONES, BARKSDALE, and STEWART, *Circuit Judges*.

PER CURIAM:*

Amber Elise Delgadillo pleaded guilty to: one count of importing 50 grams or more of methamphetamine into the United States, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(2)(H); and one count of possession, with intent to distribute, 50 grams or more of methamphetamine, in violation

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii).  She received, *inter alia*, a sentence of 46-months' imprisonment (the bottom of the applicable Sentencing Guidelines range).  Delgadillo contends her within-Guidelines sentence is substantively unreasonable, claiming the district court:  relied too heavily on the sentencing range, which overstated the seriousness of her offense; and failed to give appropriate weight to the sentencing factors in 18 U.S.C. § 3553(a).

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range.  *Gall v. United States*, 552 U.S. 38, 46, 51 (2007).  If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard.  *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).  A properly calculated sentence within the Guidelines range, as in this instance, is presumptively reasonable.  *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *see, e.g., United States v. Miller*, 665 F.3d 114, 119 (5th Cir. 2011) (noting the presumption of reasonableness applies to within-Guidelines sentences "even if the applicable Guideline is not empirically based").

In maintaining her within-Guidelines sentence is substantively unreasonable, Delgadillo relies upon mitigating circumstances claimed relevant to the offense and her personal characteristics.  At sentencing, the court considered her claims for mitigation and assessed the § 3553(a) factors, concluding her case did not warrant a downward variance from the Guidelines sentencing range.  Delgadillo's contention amounts to a request for this court to reweigh the § 3553(a) factors, which is contrary to the above-

No. 20-50862

referenced presumption of reasonableness for within-Guidelines sentences. *See United States v. Martinez*, 921 F.3d 452, 483 (5th Cir. 2019).

AFFIRMED.